1   **WO**

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Armando R. Aros, III,                )   No. CV-11-2565-PHX-SRB (LOA)
                                          )
10                      Plaintiff,        )   **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    Charles Ryan, et al.,                 )
13                                        )
                        Defendant.        )
14                                        )
                                          )

15          This matter is before the Court on Plaintiff's Motion for Extension of Time (First

16  Request). (Doc. 23) Plaintiff requests an extension of time in which to file a Third Amended

17  Complaint and to file a Motion to Reconsider the Court's August 16, 2012 Order, doc. 21.

18  **I. Background**

19          Plaintiff filed a *pro se* 42 U.S.C. § 1983 complaint on December 27, 2011 which was

20  dismissed for failure to comply with court rules. Plaintiff was given thirty (30) days in which

21  to file a First Amended Complaint. (*Id.*)  Thereafter, Plaintiff lodged a First Amended

22  Complaint on April 24, 2012, doc. 15, with a Motion for Leave to File Excess Pages for

23  Civil Rights Cases, doc. 14.  The Court denied Plaintiff's Motion for Leave to File Excess

24  Pages on May 9, 2012 and provided Plaintiff with thirty (30) days in which to file a second

25  amended complaint. (Doc. 16)

26          Plaintiff filed his Second Amended Complaint on June 19, 2012.  (Doc. 19) The

27  Court statutorily screened the Complaint on August 16, 2012.  (Doc. 21) Plaintiff alleged

28

1   fourteen counts against 22 defendants. (Doc. 21) The Court dismissed Counts Two through

2   Twelve and Count Fourteen. (*Id.* at 18). Only Counts One and Thirteen remained. (*Id.*)

3         On August 28, 2012, Plaintiff filed the pending Motion for Extension of Time. (Doc.

4   23) In his Motion, Plaintiff asks both for an extension of time to file a Third Amended

5   Complaint and for an extension of time to file a Motion for Reconsideration. (*Id.*)

6   **II. Discussion**

7         **A.  Motion to Amend**

8         At the outset, the Court notes that there is no pending Motion to Amend, but rather,

9   Plaintiff has only filed a Motion for an Extension of Time. Plaintiff has already amended

10  his complaint once as a matter of right when he filed his Second Amended Complaint.

11  Therefore, the Court will deny Plaintiff's Motion for an Extension of Time with respect to

12  submitting a Third Amended Complaint. If Plaintiff chooses to file a Motion to Amend, he

13  must do so in accordance with the Federal Rules of Civil Procedure and the Local Rules of

14  Civil Procedure, including Rule 15(a)(2), Fed. R. Civ. P., which only allows a party to

15  amend a pleading with the opposing party's written consent or with leave of the Court.

16  Plaintiff has not so sought.

17        **B.  Motion for Reconsideration**

18        In addition to requesting a motion to extend the time to file a Third Amended

19  Complaint, Plaintiff requests an extension of time to file a Motion for Reconsideration of the

20  Court's August 16, 2012 Order, doc. 21.

21        A motion to reconsider must provide a valid ground for reconsideration by showing

22  two elements. *All Hawaii Tours Corp. v. Polunesian Cultural Ctr.*, 116 F.R.D. 645, 648-49

23  (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (1988). First, it must demonstrate

24  some valid reason why the Court should reconsider its prior decision. *Id.* Second, it must set

25  forth facts or law of a strongly convincing nature to induce the Court to reverse its prior

26  decision. *Id.* Courts have distilled three (3) major grounds justifying reconsideration. They

27  are: 1) an intervening change in the controlling law, 2) the availability of new evidence, and

28  3) the need to correct clear error or prevent manifest injustice. *Kern-Tulare Water Dist. v.*

1  *City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on*

2  *other grounds*, 828 F.2d 514 (9th Cir. 1987); *Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir.

3  1995), *cert. denied*, 516 U.S. 1029 (1995); *Kennedy v. Lubar*, 273 F.3d 1293, 1299, fn. 6

4  (10th Cir. 2001); See generally C. Wright, A. Miller & E. Cooper, *Federal Practice and*

5  *Procedure*, § 4478 at 790.  A motion for reconsideration is not an opportunity to present facts

6  that were known to the party on the earlier motion, nor new legal theories in place of the ones

7  used earlier that did not prevail.  *L.I. Head Start Child Dev. Servs., Inc. v. Kearse*, 96

8  F.Supp.2d 209, 211 - 212 (E.D.N.Y. 2000). "Nor may the party merely  reiterate or

9  repackage an argument previously rejected by the court; that argument is for appeal." *PAB*

10  *Aviation, Inc. v. United States*, 2000 WL 1240196, at *1 (E.D.N.Y. 2000).

11        The District of Arizona's Local Rule ("LRCiv") 7.2(g)(1)  provides that "[t]he Court

12  will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest

13  error or a showing of new facts or legal authority that could not have been brought to its

14  attention earlier with reasonable diligence. . . ." LRCiv 7.2(g)(1). "Absent good cause shown,

15  any motion for reconsideration shall be filed no later than fourteen (14) days after the date

16  of the filing of the Order that is the subject of the motion."  LRCiv 7.2(g)(2).

17        Here, Plaintiff has not shown good cause for extending the date of filing the Motion

18  for Reconsideration.  He simply states that the extension would allow him to "coincide with

19  the proposed extension for the filing of the amended complaint." (Doc. 23 at 3) While the

20  Court is sympathetic to Plaintiff's depression issues, that alone is not sufficient to extend the

21  time in which to file a motion for reconsideration.  In essence, Plaintiff is stating that he

22  anticipates that during the process of amending his complaint, he "intends to make changes

23  that will be noted in his motion to reconsider so as to better inform the Court about the legal

24  questions involved." (Doc. 23 at 4) He continues that "it makes better sense for the Court

25  to review both pleadings contemporaneously so as to gain a more accurate perspective of the

26  issues at stake" and that "Plaintiff will not know precisely what issues will be raised in his

27  motion to reconsider until after the alterations to his current complaint are finished." (*Id.* at

28  4-5) This, however, as set forth above, is not the proper use of a motion for reconsideration.

1   Rather, such a motion requires a "showing of manifest error or a showing of new facts or

2   legal authority that could not have been brought to its attention earlier with reasonable

3   diligence. . . ." LRCiv 7.2(g)(1).  Because Plaintiff has not shown good cause to extend the

4   time for filing his motion for reconsideration, his request will be denied.

5        Accordingly,

6        **IT IS ORDERED** that Plaintiff's Motion for Extension of Time, doc. 23, is **DENIED**

7   in its entirety.

8        Dated this 7th day of September, 2012.

9

10

11                         Lawrence O. Anderson
                          United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28