1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Armando R. Aros, III,                )   No. CV 11-2565-PHX-SRB (LOA)
                                           )
10              Plaintiff,                 )   **ORDER**
                                           )
11   vs.                                   )
                                           )
12   Charles L. Ryan, et al.,              )
                                           )
13              Defendants.                )
     _____       )

14

15          This matter is before the Court on Plaintiff's Third Amended Complaint. (Doc. 59)

16   On December 20, 2012, Magistrate Judge Anderson granted Plaintiff's Motion to Amend,

17   doc. 31, authorizing Plaintiff to file his Third Amended Complaint. (Doc. 39) Judge

18   Anderson stated in the Order that the Third Amended Complaint would be screened pursuant

19   to 28 U.S.C. § 1915A(a) in a separate order. (Doc. 39 at 5) This is that Order.

20          The Court screened Plaintiff's Second Amended Complaint, doc. 19, in an Order

21   issued on August 16, 2012. (Doc. 21) After a lengthy analysis, the Court dismissed without

22   prejudice Counts Two through Twelve and Count Fourteen. (Doc. 21 at 18) In addition, the

23   Court dismissed without prejudice Defendants Ryan, Herman, Freeland, McDonald, Shatto,

24   Ramos, Valenzuela, Weisheit, Harris, Velasco, Cardenas, Dodds, and Plausner. (*Id.*)

25   Defendants Savio, Ochoa, Hetmer, Jump, Crabtree, King and Trevino were directed to

26   answer Count One, and Defendants Heet and Trujillo were directed to answer Count

27   Thirteen. (*Id.*) The docket reflects that all nine Defendants have waived service of process

28   with respect to the Second Amended Complaint. (Doc. 32-36, 41, 66-67, 71)

1 **1. <u>Statutory Screening of Prisoner Complaints</u>**

2       The Court is required to screen complaints brought by prisoners seeking relief against

3 a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

4 § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised

5 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

6 be granted, or that seek monetary relief from a defendant who is immune from such relief.

7 28 U.S.C. § 1915A(b)(1),(2).

8       A pleading must contain a "short and plain statement of the claim *showing* that the

9 pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) (emphasis added). While Rule 8 does not

10 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

11 unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

12 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

13 statement, do not suffice." *Id.*

14       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15 claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550

16 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that

17 allows the court to draw the reasonable inference that the defendant is liable for the

18 misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for

19 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

20 experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual

21 allegations may be consistent with a constitutional claim, a court must assess whether there

22 are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

23       But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

24 must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th

25 Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

26 than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94

27 (2007) (*per curiam*)).

28

**2. Third Amended Complaint and Discussion**

An amended complaint supersedes its original complaint. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. *King v. Atiyeh*, 814 F.2d at 567. Thus, Plaintiff's Third Amended Complaint supersedes the Second Amended Complaint filed in June 2012.

Like the Second Amended Complaint, Plaintiff alleges fourteen causes of action in the Third Amended Complaint. Plaintiff names twenty-one defendants in the Third Amended Complaint, twenty of whom were named in the Second Amended Complaint.[1]

**a. Count One**

Plaintiff's allegations in Count One are identical to the allegations in Count One of the Second Amended Complaint. Having already analyzed these allegations in the prior screening order, the Court need not repeat its analysis here. (Doc. 21 at 4-6) The Court finds that Plaintiff has stated a retaliation claim against Defendants Savio, Ochoa, Hetmer, Jump, Crabtree, and Trevino in Count One and will require them to answer the allegations therein.

**b. Count Two**

Plaintiff's allegations in Count Two are essentially the same as the allegations in Count Two of the Second Amended Complaint. The only differences, a citation to a Ninth Circuit case and the addition of a fifth defendant, are insufficient to alter the Court's due process analysis from the prior screening order. (Doc. 21 at 6-7). Accordingly, Count Two will be dismissed without prejudice.

**c. Count Three**

Plaintiff's allegations in Count Three are substantially the same as the allegations in Count Three of the Second Amended Complaint. Other than adding two footnotes and a new sentence at the end of paragraph 15 of the supporting facts, the allegations have not changed.

---

[1] CO II Harris, who was named in the Second Amended Complaint is omitted from the Third Amended Complaint. Defendant John Doe is named in the Third Amended Complaint but was not named in the Second Amended Complaint.

In the prior screening order, the Court found that Plaintiff failed to state a due process claim against the named Defendants.  (Doc. 21 at 7-10) None of Plaintiff's minor changes alters the Court's previous analysis.   Accordingly, Count Three will be dismissed without prejudice.

### c. Counts Four through Eleven

Plaintiff's allegations in Counts Four through Eleven are essentially the same as the allegations in Counts Four through Eleven of the Second Amended Complaint.[2]  In the prior screening order, the Court dismissed Counts Four through Eleven for failure to state a claim. (Doc. 21 at 11-13) None of Plaintiff's very minor changes with respect to these claims have any impact on the Court's previous analysis of the claims in the prior screening order. Accordingly, Counts Four through  Eleven will be dismissed.

### d. Count Twelve

In Count Twelve, Plaintiff raises the same claim alleged in Count Twelve of the Second Amended Complaint. Plaintiff alleges that Defendants Ryan, Cardenas, Heet, Ochoa and Dodds violated his right to due process by failing to provide "meaningful periodic review of his supermax confinement based on his prison gang member validations and status." (Doc. 59 at 5F) In the prior screening order, the Court found Plaintiff failed to state a claim because "'AD[O]C's periodic review, combined with the ability to debrief at any time,' satisfies due process."  (Doc. 21 at 10) (quoting *Hernandez v. Schriro*, 2011 WL 2910710, *8 (D. Ariz. 2011) and citing *Faulkner v. Ryan*, 2012 WL 407452, *10 (D. Ariz. 2012)).

In the Third Amended Complaint, Plaintiff amends Count Twelve by adding two paragraphs to his "Supporting Facts" section in which he attempts to distinguish his case from the cases cited by the Court in the prior screening order.  Plaintiff claims his case is different from *Hernandez* because he is not alleging that the debriefing process violates his Eighth Amendment rights by requiring him to risk his safety. (Doc. 59 at 5G) *Hernandez*,

---

[2] The allegations in Counts Five through Eight and Eleven are identical to Counts Five through Eight and Eleven in the Second Amended Complaint.  In Count Four, a footnote has been added, and in Counts Nine and Ten, a minor parenthetical has been added.

however, in addition to addressing the alleged Eighth Amendment violation, also addressed whether the annualized review combined with the ability to debrief satisfies due process. *Hernandez*, 2011 WL 2910710, *7. As noted above, the Court in *Hernandez* found that it does satisfy due process. *Id.* at *8. Plaintiff fails to demonstrate any meaningful difference between the due process allegations in his case and those in *Hernandez*.

Next, Plaintiff claims his case is distinguishable from *Faulkner* because, unlike the plaintiff in *Faulkner*, Plaintiff here "is alleging that the initial validation process is subject to a high degree of error . . . ." (Doc. 59 at 5G) Plaintiff claims that as a result of the high error rate, more frequent reviews should be conducted to determine whether he has been involved in recent gang activity. (*Id.*) Plaintiff, however, provides no facts to support his contention that the initial validation process is subject to a high error rate. Thus, Plaintiff fails to demonstrate any meaningful difference between the due process allegations in his case and those in *Faulkner*.

Finally, Plaintiff's additions to Count Twelve include allegations of a "blood in blood out" rule pertaining to prison gang membership. (Doc. 59 at 5G) According to Plaintiff, the rule compels a prisoner seeking membership in a prison gang "to violently stab or kill another prisoner that has been targeted by group he desires to join." (*Id.*) Plaintiff alleges that absent evidence he ever completed the "blood in" requirement, "there is no basis for concluding, even with evidence demonstrating a desire to associate with a given [Security Threat Group ("STG")], that such a prisoner must 'bleed out' prior to disassociating himself from the gang." (*Id.*) Plaintiff explains that the purpose of the "blood in blood out" allegations is to demonstrate that indefinite confinement and the debriefing process "comprise an exaggerated response" to the problems associated with prison gangs such that an alternative method of meaningful periodic review should be implemented. (*Id.* at n. 20)

The Court finds that Plaintiff's additional allegations in Count Twelve are insufficient to state a due process violation. The mere fact that the Department of Corrections may not have evidence Plaintiff completed an alleged "'blood in' ritual" is not a basis to find that the Department's STG policy is an exaggerated response to the prison gang problem such that

1   it violates the Due Process Clause.  Because Plaintiff's allegations in Count Twelve fail to

2   state a claim, Count Twelve will be dismissed.

3        **e. Count Thirteen**

4        Plaintiff alleges in Count Thirteen that Defendants Ryan, Plausner, Trujillo, Ramos,

5   Heet and Cardenas have violated the Eighth Amendment prohibition against cruel and

6   unusual punishment. (Doc. 59 at 5G-5J) He contends that the "almost wholesale denial of

7   access to direct sunlight that is the result of the recreation practices [in the supermax unit]"

8   has exacerbated his previously diagnosed and ongoing mental illness. (*Id.*) Other than a new

9   footnote and four additional paragraphs, Plaintiff's four pages of allegations in Count

10  Thirteen are identical to his allegations in Count Thirteen of the Second Amended

11  Complaint. (Doc. 59 at 5I, n.28 and 5J, ¶¶ 33-36)

12       In the prior screening order, the Court found that Plaintiff's allegations in Count

13  Thirteen failed to state a claim against Defendants Cardenas, Ramos, Ryan and Plausner.

14  (Doc. 21 at 15) The Court further found that, liberally construed, Plaintiff's allegations stated

15  a claim against Defendants Heet and Trujillo. (*Id.*)

16       In the Third Amended Complaint, Plaintiff adds a footnote pertaining to Defendant

17  Plausner, who responded to Plaintiff's grievance appeal on behalf of Defendant Ryan. (Doc.

18  59 at 5I) In the response, Plausner stated that Plaintiff was provided access to sunlight during

19  recreation and that if further medical attention was needed, Plaintiff should submit a health

20  needs request to appropriate medical staff. (*Id.*) Plaintiff alleges in the footnote that despite

21  her response to Plaintiff's grievance appeal, Defendant Plausner knew the recreation

22  practices in Plaintiff's housing unit severely restrict access to direct sunlight, and that

23  Plausner failed to contact the psychiatric staff to determine the effects such conditions could

24  have on Plaintiff's mental condition. (*Id.* at n. 28)

25       The Court finds that Plaintiff's additional allegations regarding Defendant Plausner

26  are insufficient to state an Eighth Amendment deliberate indifference claim.  Plaintiff's

27  conclusory assertion that Plausner knew access to direct sunlight was severely restricted in

28  Plaintiff's housing unit is unsupported by any factual allegations.  Moreover, the fact that

1   Plausner may not have contacted psychiatric staff to determine the effects of limited sunlight
2   on Plaintiff's mental health, but instead referred Plaintiff to medical staff for further medical
3   attention if necessary, does not rise to the level of deliberate indifference to Plaintiff's serious
4   medical needs.

5   Likewise, Plaintiff's additional allegations against Defendant Ryan fail to state an
6   Eighth Amendment deliberate indifference claim against him.  As with Defendant Plausner,
7   Plaintiff added an allegation that Defendant Ryan is aware the recreation practices at his
8   housing unit significantly limit prisoners' access to direct sunlight. (Doc. 59 at 5J) Plaintiff,
9   however, again provides no factual support for his conclusory assertion.  Plaintiff's new
10   allegation against Defendant Ryan fails to show he acted with deliberate indifference to
11   Plaintiff's health or safety.

12   Finally in Count Thirteen, Plaintiff alleges that a Health Services Central Office
13   Physician, identified as "Defendant John Doe," in response to a grievance appeal by Plaintiff,
14   determined that because there is an abundance of sunlight in Arizona, "the necessity of
15   additional sunlight is not indicated." (Doc. 59 at 5J) Plaintiff further alleges, without any
16   factual support, that Defendant John Doe is aware that the recreation practices at Plaintiff's
17   housing unit significantly limit prisoners' access to direct sunlight, or that he failed to
18   sufficiently inquire into the essential facts to make an informed medical judgment. (*Id.*)

19   The Court finds Plaintiff's conclusory allegations against Defendant John Doe are
20   insufficient to state a claim for deliberate indifference in violation of the Eighth Amendment.
21   Moreover, Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include
22   the names of the parties in the action.  As a practical matter, it is impossible in most instances
23   for the United States Marshal or his designee to serve a summons and complaint or amended
24
25
26
27
28

1  complaint upon an anonymous defendant.[3]  For these reasons, Defendant John Doe will be

2  dismissed.

3        As the foregoing analysis shows, Plaintiff's additional allegations in Count Thirteen

4  of the Third Amended Complaint fail to alter the Court's determinations from the prior

5  screening order.  Accordingly, as in the prior screening order, the Court finds that, liberally

6  construed, Plaintiff has stated a deliberate indifference claim against Defendants Heet and

7  Trujillo.  Because the allegations fail to state a claim against Defendants Cardenas, Ramos,

8  Ryan, Plausner and John Doe, the Court will dismiss Count Thirteen as it pertains to them.

9        **f. Count Fourteen**

10        Plaintiff's allegations in Count Fourteen of the Third Amended Complaint are

11  essentially the same as the allegations in Count Fourteen of the Second Amended

12  Complaint.[4]  In the prior screening order, the Court found that Plaintiff's allegations are too

13  vague to state an access-to-the-courts claim.  (Doc. 21 at 16) The Court further found that

14  Plaintiff's allegations of conspiracy are nothing more than vague and conclusory allegations

15  and unwarranted deductions of fact.  (*Id.* at 15) The Court, therefore, dismissed Count

16  Fourteen for failure to state a claim.  (*Id.*) The addition of footnote 29 in Count Fourteen of

17  the Third Amended Complaint does nothing to alter the Court's analysis.  Accordingly, the

18  Court reaches the same decision it did in the prior screening order and will dismiss Count

19  Fourteen.

20

_____

21        [3] The Ninth Circuit has held that where identity is unknown prior to the filing of a

22  complaint, the plaintiff should be given an opportunity through discovery to identify the
   unknown defendants, unless it is clear that discovery would not uncover the identities, or that

23  the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160,
   1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  Here,

24  because Plaintiff's allegations against Defendant John Doe fail to state a claim, it is

25  unnecessary to provide Plaintiff an opportunity to learn his identity through discovery.

26        [4] Plaintiff has dropped Defendant Harris from Count Fourteen and the allegations are
   now asserted against Defendant Velasco only.  (Doc. 59 at 5J-5K) The only other change is

27  the addition of footnote 29 which alleges that Defendant Velasco's actions were part of an

28  official pattern and practice of interfering with Plaintiff's access to the courts in light of his
   litigation activities.

**3. <u>Service of Defendants</u>**

Based on the foregoing, the Court finds that the Third Amended Complaint states a claim against the same nine defendants against whom the Second Amended Complaint stated a claim.  Accordingly, the Court will require service on and an answer from each of them.  As referenced above, the court docket reflects that all nine of these defendants have waived service of process and some have appeared in this action, through counsel.  The Court assumes that the defendants who have not yet appeared will be represented by the same counsel who has appeared on behalf of the other defendants.  Plaintiff will therefore be ordered to serve his Third Amended Complaint on the nine defendants pursuant to Rule 5(b) of the Federal Rules of Civil Procedure by sending a copy to their attorney, along with a copy of this Order.

**4. <u>Warning of Possible Dismissal</u>**

Plaintiff should take note that if he fails to timely comply with every provision of this Order, this action may be dismissed without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**5. <u>Address Changes</u>**

Plaintiff must file and serve a notice of change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**6. <u>Copies</u>**

Because Plaintiff is currently confined in ASPC-Eyman and this case is subject to General Order 12-25, Plaintiff is not required to serve Defendants with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4.  If Plaintiff is transferred to a prison other than ASPC-Eyman, he will be

1  notified of the requirements for service and copies for the Court that are required for inmates

2  whose cases are not subject to General Order 12-25.

3  **7. <u>No Further Amendments Without Leave of Court</u>**

4          Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend his

5  pleading "once as a matter of course at any time before a responsive pleading is served . . ."

6  Because Plaintiff has now amended his complaint more than once, he may not file another

7  amended complaint without first seeking permission from the Court.

8          **IT IS ORDERED:**

9          (1) Counts Two through Twelve and Count Fourteen are **dismissed** without prejudice;

10         (2) Defendants Ryan, Herman, Freeland, McDonald, Shatto, Ramos, Valenzuela,

11  Weisheit, Velasco, Cardenas, Dodds, and Plausner are **dismissed** without prejudice;

12         (3) Defendants Savio, Ochoa, Hetmer, Jump, Crabtree, King, and Trevino must

13  answer Count One of the Third Amended Complaint;

14         (4) Defendants Heet and Trujillo must answer Count Thirteen of the Third Amended

15  Complaint;

16         (5) Plaintiff shall serve his Third Amended Complaint on Defendants Savio, Ochoa,

17  Hetmer, Jump, Crabtree, King, Trevino, Heet, and Trujillo pursuant to Rule 5(b) of the

18  Federal Rules of Civil Procedure by sending a copy to their attorney, along with a copy of

19  this Order;

20         (6) Defendants must answer the Third Amended Complaint or otherwise respond by

21  appropriate motion within the time provided by the applicable provisions of Rule 12(a) of

22  the Federal Rules of Civil Procedure;

23         (7) Any answer or response must state the specific Defendant(s) by name on whose

24  behalf it is filed.  The Court may strike an answer, response, or other motion or paper that

25  does not identify the specific Defendant(s) by name on whose behalf it is filed;

26         (8) This matter is again referred to Magistrate Judge Lawrence O. Anderson pursuant

27  to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further pretrial proceedings

28  as authorized under 28 U.S.C. § 636(b)(1).

1    **IT IS FURTHER ORDERED** that Plaintiff comply with the Local Rules of Civil
2  Procedure.

3

4    DATED this 28th day of May, 2013.

5

6

7    _____
                Susan R. Bolton
8           United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28