**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando R. Aros, III, | No. CV-11-2565-PHX-SRB (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's "Motion to Strike; Alternatively, Reply to Defendants' Response to Plaintiff's Motion for Review of Magistrate [Judge]'s Order." (Doc. 123) Defendants have filed a Response to Plaintiff's Motion to Strike. (Doc. 134) Plaintiff has not filed a reply in support of the Motion to Strike and the time to do so has expired. *See* Local Rules of Civil Procedure ("LRCiv") 7.2(d) (providing that a reply, if filed, must be submitted no later than seven days after service of the response).

On September 24, 2013, Plaintiff filed a Motion for Review of Magistrate [Judge]'s Order Pursuant to Fed.R.Civ.P. 72(a) in which he objects to this Magistrate Judge's denial of his Motion to Complete Screening Order. (Docs. 103, 108) The Motion is pending before the assigned District Judge. On October 11, 2013, Defendants filed a Response to Plaintiff's Motion. (Doc. 119)  In the instant Motion to Strike, Plaintiff asks the Court to strike the response because, according to Plaintiff, a response is not authorized under Fed.R.Civ.P. 72(a).

Federal Rule of Civil Procedure 72(a) provides:

> **Nondispositive Matters.**  When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file

written objections to the order with 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Plaintiff explains that Fed.R.Civ.P. 72(b), which governs findings and recommendations by a magistrate judge on dispositive motions, expressly authorizes a party to respond to another party's objections to the proposed findings and recommendations. *See* Fed.R.Civ.P. 72(b)(2). Plaintiff argues that because Rule 72(a) contains no express authorization to respond to objections, Defendants' response to Plaintiff's objections to the order denying the motion to clarify screening order should be stricken.

As Defendants argue in their Response to Plaintiff's Motion to Strike, the same argument Plaintiff raises here was rejected in a prior case in this district. In *Charles M. Brewer, Ltd. Restated Pension Plan v. CBIZ, Inc.,* 2010 WL 2367210, at *1 (D. Ariz. June 10, 2010), the Court followed "the long-standing practice of allowing a party that prevailed before a magistrate judge to respond to any objections filed by the opposing party." In addition, the Court relied on the Advisory Committee Note to Rule 72(a), which states "[i]t is also contemplated that a party who is successful before the magistrate [judge] will be afforded an opportunity to respond to objections raised to the magistrate[ ] [judge's] ruling." *Id.*

This Magistrate Judge concurs with the Court's ruling in *CBIZ, Inc.*, and will follow it here. Plaintiff's Motion to Strike will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Strike, doc. 123, is **DENIED**.

DATED this 27th day of January, 2014.

_____
Lawrence O. Anderson
United States Magistrate Judge

- 2 -