1    **WO**

6                        IN THE UNITED STATES DISTRICT COURT

7                            FOR THE DISTRICT OF ARIZONA

9    Armando R. Aros, III,                )    No. CV-11-2565-PHX-SRB (LOA)
                                          )
10                Plaintiff,               )    **ORDER**
                                          )
11   vs.                                   )
                                          )
12   Charles L. Ryan, et al.,             )
                                          )
13                Defendants.             )
                                          )
14   _____     )

15          This matter is before the Court on Plaintiff's Motion to Reconsider and to Recalibrate

16   the Deadline for Responding to Defendants' Motion for Protective Order. (Doc. 143)  Pursuant

17   to the Rule of Practice ("Local Rule" or "LRCiv") 7.2(g)(2), the Court ordered Defendants to

18   respond no later than February 21, 2014, which they did. (Docs. 175, 180)

19          In the order for which Plaintiff seeks reconsideration, the Court granted Defendants'

20   Motion for Protective Order. (Doc. 140) Defendants sought a protective order with respect to

21   Plaintiff's request for production of his "psychiatric file" from 1999 to the present. They

22   explained that the Arizona Department of Corrections' ("ADOC") Department Order 1104

23   governs an inmate's access to his own mental health records and requires a determination by

24   a mental health professional whether such review by an inmate would be detrimental to the

25   inmate's condition or treatment. Defendants provided the Court with a copy of the policy,

26   entitled Inmate Medical Records. (Doc. 111, Exhibit A)  Under the section entitled Inmate

27   Requests to Review their Medical Record, when an inmate requests to review his mental health

28   records, the medical records staff must first forward the mental health records to a psychiatrist

or licensed psychologist to determine if the inmate's review would be detrimental to his condition or treatment. (*Id.*)  Defendants argued Plaintiff should be required to comply with the policy before they should have to disclose his mental health records, and he had not done so.

Plaintiff did not file a response to Defendants' Motion for Protective Order. Based on Plaintiff's failure to respond, the Court granted the Motion.

Plaintiff contends in the motion for reconsideration he never received a copy of Defendants' Motion for Protective Order, which is why he did not respond. Plaintiff claims other filings he submitted to the Court reflect the importance of his mental health records. Plaintiff argues that because the records are so important to his case, he would have responded to the Motion for Protective Order if he had received it. Plaintiff asks the Court to rescind its prior Order granting the protective order, direct the Clerk of Court to send him a copy of Defendants' Motion for Protective Order, and re-set the deadline for him to respond to the Motion.

Defendants argue in their response to the motion for reconsideration that proof of mailing creates a rebuttable presumption of receipt and Plaintiff has not rebutted the presumption. (Doc. 180) Defendants contend they mailed Plaintiff a copy of the Motion for Protective Order on September 25, 2013, the day it was filed, along with several responses to discovery requests and a Notice of Errata regarding an exhibit that was mistakenly omitted from the Motion for Protective Order. Additionally, Defendants point out that electronic filing notices of the Motion and the Notice of Errata were sent to Plaintiff's housing unit. Lastly, Defendants argue Plaintiff has not availed himself of the ADOC policy to get his mental health records.

Motions for reconsideration are governed by LRCiv 7.2(g)(1), which provides:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki* , 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171 (1986). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through - rightly or wrongly.'" *Defenders of Wildlife*, 909 F.Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

The Court finds Defendants' arguments regarding Plaintiff's likely receipt of the Motion for Protective Order compelling. They attach copies of the metered and dated envelope that contained the Motion and discovery responses. (Doc. 180 at 4) Plaintiff subsequently acknowledged receipt of that envelope when, on October 9, 2013, he sent a letter to Defendants' counsel regarding the discovery responses that were in the envelope with the Motion. (*Id.*) Additionally, in a responsive letter to Plaintiff dated October 22, 2013, counsel specifically referred to the "Motion for Protective Order" and even identified the docket number. (Doc. 180, Exh. E) Despite the clear reference to the Motion in the letter, Plaintiff did not contact counsel to inform him he did not receive it. Rather, Plaintiff claims he did not learn about the Motion until the Court issued the ruling on November 18, 2013 granting the Motion. (Doc. 143 at 2)

Despite Plaintiff's claim he never received the Motion, the evidence strongly supports Defendants' contention that Plaintiff received the Motion when it was sent to him by mail on September 25, 2013. Regardless, that issue need not be decided here for purposes of the motion for reconsideration.

Plaintiff does not assert in the motion for reconsideration, or in any other submission to the Court, that he followed the procedure set forth in ADOC Department Order 1104. That policy allows an inmate to access to his own mental health records once a determination is made

by a mental health professional that such review would be detrimental to the inmate's condition or treatment.  Because Plaintiff may very well be able to access his mental health records without Court involvement, the Court finds no basis at this time to reconsider its ruling granting the Motion for Protective Order. In the event Plaintiff's request to obtain the records through the procedure set forth in Department Order 1104 is unsuccessful, he may then request the Court's assistance, provided, of course, this discovery is relevant to the claims or defenses raised in this action, upon a showing of good cause, or is not inconsistent with other limitations on discovery. *See* Rule 26(b)(1)-(2), Fed.R.Civ.P. For these reasons, Plaintiff's request for reconsideration will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider and to Recalibrate the Deadline for Responding to Defendants' Motion for Protective Order, doc. 143, is **DENIED**.

DATED this 11th day of March, 2014.

Lawrence O. Anderson
United States Magistrate Judge