**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando R. Aros, III, | No. CV-11-2565-PHX-SRB (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Application for Leave to File a Supplemental Complaint, and Plaintiff Motion to Reopen Discovery and Extend Deadlines. (Docs. 193, 194) Defendants have filed a Response to each motion in which they oppose the relief requested. (Docs. 200, 201) Plaintiff has filed a Reply in support of each motion. (Docs. 209, 210) Plaintiff has also lodged a Supplemental Complaint. (Doc. 195)

**I. Background**

Plaintiff, a frequent filer of section 1983 actions, commenced this civil rights action by filing a Civil Rights Complaint by a Prisoner on December 27, 2011. (Doc. 1) The assigned District Judge dismissed the Complaint because it was not on a court-approved form, but granted Plaintiff leave to file an amended complaint. (Doc. 5) Plaintiff lodged a proposed First Amended Complaint on April 24, 2012, which the District Judge again rejected because it was again not on a court-approved form and exceeded the page limit. (Docs. 15-16) Plaintiff was granted leave to submit a Second Amended Complaint, which he filed on June 19, 2012. (Doc. 19) The District Judge then issued a screening order on August 16, 2012, in which Counts Two through Twelve, Count Fourteen, and 13 defendants were dismissed. (Doc. 21 at 18) Seven

1  defendants were ordered to answer Count One and two defendants were ordered to answer
2  Count Thirteen. (*Id.*)

3  Plaintiff then sought leave to amend the Second Amended Complaint in a Motion to
4  Amend, filed on October 9, 2012. (Doc. 31)  The undersigned Magistrate Judge granted the
5  Motion and Plaintiff's Third Amended Complaint was filed on December 20, 2012. (Docs. 39,
6  59) The District Judge screened the Third Amended Complaint on May 28, 2013. (Doc. 75)
7  Because Plaintiff's Third Amended Complaint was substantially the same as the Second
8  Amended Complaint and contained only minor changes, the screening order for the Third
9  Amended Complaint reached the same conclusions as the screening order for the Second
10 Amended Complaint. (Doc. 75)  Thus, the same nine defendants who were ordered to answer
11 the two surviving counts in the Second Amended Complaint were ordered to answer those same
12 two counts in the Third Amended Complaint. (Doc. 75 at 9, 10)  The District Judge again
13 dismissed Counts Two through Twelve and Count Fourteen of the Third Amended Complaint,
14 along with the corresponding defendants. (*Id.* at 10)  The undersigned Magistrate Judge denied
15 Plaintiff's motion to reconsider the screening order because it significantly exceeded the page
16 limit mandated by LRCiv 7.2(e). (Doc. 87)  The District Judge subsequently denied Plaintiff's
17 Motion for Review of Magistrate Judge's Order. (Doc. 94)

18 **A. Motion to File Supplemental Complaint**

19 Plaintiff requests leave to file a supplement to his Third Amended Complaint.
20 Specifically, Plaintiff seeks to add new facts to his claim in Count Thirteen and add Charles L.
21 Ryan, Director of the Arizona Department of Corrections ("ADOC"), as a new defendant. (Doc.
22 194 at 1)  Plaintiff alleges in Count Thirteen of the Third Amended Complaint that the
23 recreation practices at the Browning Unit, where he has been housed since 2009, have kept him
24 from receiving adequate exposure to direct sunlight.  Plaintiff further alleges he was diagnosed
25 with a mental illness by a prison psychiatrist in 1999 and has received medication for his
26 condition since then. Plaintiff claims the extreme deprivation of direct sunlight has exacerbated
27 his mental illness and increased his risk of committing suicide. Plaintiff claims Defendants
28 named in Count Thirteen have been, and are, deliberately indifferent to the risk of harm

resulting from the deprivation of direct sunlight to Plaintiff. On November 21, 2013, the District Judge granted Defendants' partial motion to dismiss and dismissed Plaintiff's claim for damages in Count Thirteen. (Doc. 142) Only a claim for declaratory and injunctive relief remains in that Count. (*Id.*)

In the proposed supplement, Plaintiff alleges that when his recreation schedule was modified to a time that provided more exposure to direct sunlight, a subsequent blood test revealed a substantial increase in his Vitamin D levels. Plaintiff claims this produced a corresponding improvement in his mood and a decline in the frequency and intensity of the symptoms associated with his mental illness. In addition, Plaintiff seeks to add Charles L. Ryan, ADOC Director, to this action, claiming Ryan's continued enforcement of recreation policies that deprive Plaintiff of adequate exposure to direct sunlight has caused Plaintiff actual harm.

**II. Federal Rule of Civil Procedure 15(d)**

Federal Rule of Civil Procedure 15(d), which governs the mechanism for supplemental pleadings, provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Under Federal Rule of Civil Procedure 15(d), a district court may permit a party to supplement his complaint in order to set out "'any transaction, occurrence, or event that happened *after the date of the pleading to be supplemented*.'" *Burnett v. Dugan*, 2011 WL 1002145, at *2 (S.D. Cal. Mar. 21, 2011) (quoting Fed.R.Civ.P. 15(d)) (emphasis in original). "Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir.1998) (citation omitted).

District courts have broad discretion in deciding whether to allow a supplemental pleading. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing

1  the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons*
2  *Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir.1981). Rule
3  15(d), Fed.R.Civ.P., "is a tool of judicial economy and convenience" and "[i]ts use is therefore
4  favored." *Keith*, 858 F.2d at 473.

5        Generally, the standard used by district courts in deciding whether to grant or deny a
6  motion for leave to supplement is the same standard used in deciding whether to grant or deny
7  a motion for leave to amend a complaint or answer. See *Ibok v. Advanced Micro Devices, Inc.*,
8  2003 WL 25686529, at *2 (N.D. Cal. July 2, 2003) (citing *Glatt v. Chicago Park Dist.*, 87 F.3d
9  190, 194 (7th Cir. 1996) (holding that the standard under 15(a) and 15(d) are the same); *Franks*
10 *v. Ross*, 313 F.3d 184, 198 n. 15 (4th Cir. 2002); *Walker v. United Parcel Serv., Inc.*, 240 F.3d
11 1268, 1278 (10th Cir. 2001). While leave to file a supplemental complaint should be freely
12 granted, a district court deny a motion to file a supplemental on the grounds of undue delay, bad
13 faith or dilatory motive on the part of the movant; undue prejudice to the opposing party; or the
14 filing a supplemental complaint would be futile act. *Johnson v. Buckley*, 356 F.3d 1067, 1077
15 (9th Cir. 2004); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002); *San Luis &*
16 *Delta-Mendota Water Authority v. U.S. Dept. of Interior*, 236 F.R.D. 491, 497 (E.D. Cal. 2006)
17 (identifying nine factors to consider in deciding whether the complaint should be
18 supplemented.). "The language of Rule 15(d) makes clear that a supplemental pleading may
19 only be filed with leave of the court." *Bittel Tech., Inc. v. Bittel USA, Inc*., 2011 WL 940300,
20 at *3 (N.D. Cal. Feb.18, 2011).

21 **III. Discussion**

22       Here, the Court finds sufficient factors exist to disallow Plaintiff to supplement his Third
23 Amended Complaint at this late stage of the case. First, Plaintiff's supplemental pleading would
24 not promote judicial economy and convenience. Although Plaintiff's allegations regarding
25 changes in his Vitamin D levels may provide additional support for his claim in Count Thirteen,
26 they do not warrant a supplemental complaint and the reopening of discovery as Plaintiff is
27 seeking here. Secondly, regarding Plaintiff's request to add Charles L. Ryan as a defendant in
28 Count Thirteen, the Court notes that Ryan has already been dismissed twice from Count

1 Thirteen in the prior screening orders of the Second and Third Amended Complaints. (Docs. 21 at 14-15; 75 at 6-7) Nothing in Plaintiff's allegations in the proposed supplemental complaint warrant reconsideration of the decision to dismiss Defendant Ryan from Count Thirteen.

Next, this case is two and-a-half years old and Plaintiff has been given three opportunities to amend his original complaint. Discovery is now complete and Defendants filed a summary judgment motion on April 18, 2014. Additionally, Plaintiff filed the instant motion more than three months after the discovery deadline and just two weeks before the dispositive motions deadline. Granting Plaintiff's request would essentially start the case over with a new defendant added and discovery would need to start anew as to the new defendant. That kind of delay would unfairly prejudice the existing Defendants. Adding Charles L. Ryan at this late date would defeat the purposes of the Federal Rules of Civil Procedure to achieve the "just, *speedy, and inexpensive* determination of every action and proceeding." Rule 1, Fed.R.Civ.P. (emphasis added). For these reasons, Plaintiff's motion to submit a supplemental complaint will be denied.

**B. Motion to Reopen Discovery and Extend Deadlines**

A scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). For purposes of this rule, "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990)). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted). Moreover, where a motion is made to extend deadlines after the deadlines have expired, the party seeking the extension must show excusable neglect. *See* Fed.R.Civ.P. 6(b)(1)(B).

For similar reasons as stated above, Plaintiff's second motion will be denied. This case is already two and-a-half years old and granting Plaintiff's request to reopen discovery and

- 5 -

allow more motions to compel and other discovery motions would, unnecessarily, delay resolution of this action even more. The Court already granted a previous request by Plaintiff to extend, by almost three months, the deadline to bring discovery disputes to the Court and extend the dispositive motions deadline by approximately two months. (Doc. 165) As the Court explained in a prior order, much of Plaintiff's inability to comply with deadlines resulted from his own mismanagement of the case. Plaintiff has shown neither excusable neglect nor good cause for reopening discovery and extending other deadlines in the scheduling order at this late stage of the case. For these reasons, the motion will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application for Leave to File a Supplemental Complaint, and Plaintiff Motion to Reopen Discovery and Extend Deadlines, docs. 193 and 194, are **DENIED**.

DATED this 12th day of June, 2014.

Lawrence O. Anderson
United States Magistrate Judge