1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Armando R. Aros, III,                    )    No. CV-11-2565-PHX-SRB (LOA)
                                             )
10              Plaintiff,                    )    **ORDER**
                                             )
11  vs.                                       )
                                             )
12  Charles L. Ryan, et al.,                  )
                                             )
13              Defendants.                   )
                                             )
14  _____ )

15         This matter is before the Court on Plaintiff's Motion to Reconsider and Plaintiff's

16  Motion for Extension of Time. (Docs. 216, 217) In the order for which Plaintiff seeks

17  reconsideration, doc. 215, the Court denied Plaintiff's Application for Leave to File a

18  Supplemental Complaint and Plaintiff's Motion to Reopen Discovery and Extend Deadlines.

19  (Docs. 193, 194) In the second motion, Plaintiff requests a 45-day extension to respond to

20  Defendants' Motion for Summary Judgment.

21         Plaintiff contends in the motion for reconsideration that the Court overlooked an

22  alternative to an outright denial of his motion to file a supplemental complaint. Plaintiff claims

23  the Court "could have allowed the Supplemental Complaint solely to the extent that Plaintiff

24  be permitted to debate the evidence bearing on his Vitamin D deficiency and the subsequent

25  improvement to his health caused by greater exposure to direct sunlight." (Doc. 216 at 2)

26  (emphasis in original)

27         Motions for reconsideration are governed by LRCiv 7.2(g)(1), which provides:

28

The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki* , 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171 (1986). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through - rightly or wrongly.'" *Defenders of Wildlife*, 909 F.Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Here, Plaintiff has not shown the Court's denial of his motion to file a supplemental complaint constituted clear error, or that it should be reconsidered based on newly discovery evidence or an intervening change in the law. The motion for reconsideration will, therefore, be denied. However, the Court's ruling denying Plaintiff's motion to file a supplemental complaint should not be interpreted to preclude Plaintiff from presenting proper summary judgment evidence pertaining to his Vitamin D levels, including evidence showing alleged changes in those levels based on exposure to direct sunlight. Plaintiff may present such evidence on summary judgment to support his claim in Count Thirteen that he has received inadequate exposure to direct sunlight, in violation of the Eighth Amendment.

Regarding the motion for additional time to respond to Defendants' Motion for Summary Judgment, this is Plaintiff's second request for an extension of the response deadline.

The Court previously granted an extension until June 23, 2014. (Doc. 214) The Motion for Summary Judgment was filed on April 18, 2014. After review of the reasons set forth in Plaintiff's motion, the Court finds a thirty day extension is warranted. The motion will, therefore, be granted in part. No further extensions will be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider, doc. 216, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time, doc. 217, is **GRANTED** in part. The motion is granted in that the deadline for Plaintiff to file a response to Defendants' Motion for Summary Judgment is extended by thirty days. Plaintiff's response must be filed **no later than July 23, 2014**. No further extensions will be granted.

DATED this 26th day of June, 2014.

Lawrence O. Anderson
United States Magistrate Judge